No. 270

WEBSTER v. WEBSTER

Ohio Appeals, 1st Dist., Butler Co.

No. 333. Decided Jan. 3, 1927

1271. WILLS—Where testatrix was of legal age and will was properly signed and attested; and questions involved in contest of will were mental capacity and undue influence, the will cannot be set aside for the reason that the testatrix in drawing up her will, was mistaken about some fact or facts with respect to a devisee.

**First Publication of this Opinion**

BUCHWALTER, P. J.

An action was brought in the Butler Common Pleas by Clara Webster to set aside the will of her Aunt Lydia Webster. The jury returned a verdict finding that the paper writing was the valid and last will and testament of the testatrix, and judgment was entered sustaining the will.

It was claimed that the verdict and judgment were against the weight of the evidence, that the court erred to the prejudice of plaintiff in giving of certain special charges and error in the general charge. The Court of Appeals held:

1. An examination of the evidence discloses that the jury could not have arrived at any different conclusion than was reached and the verdict and judgment are clearly not contrary to the weight of the evidence.

2. The main contention of the plaintiff was that the testatrix believed that either the family of James R. Webster or Clara L. Webster legally adopted a girl named Eleanor Annes, and that if she devised anything to Clara Webster, it would eventually go out of the possession of the Webster family, and into the possession of Eleanor Annes. This, it is claimed, was a dominating idea in the mind of the testatrix, which was either a delusion or was the result of undue influence, and that this caused her to make but a nominal bequest to the plaintiff herein.

3. If the testatrix had this idea, it was a misapprehension of fact, as there was no adoption of Eleanor Annes. We know of no authorities holding that a will may be set aside because the testatrix was mistaken about some fact or facts.

4. The court's charge on undue influence was full and complete and the charge on testamentary capacity was in the same language used in Niemes v. Niemes, 97 OS. 145.

5. The general charge or the special charges taken as a whole, were not erroneous or prejudicial to plaintiff.

Judgment therefore affirmed.

(Hamilton & Cushing, JJ., concur.)

Attorneys—Shotts & Millikin for Clara Webster; M. O. Burns, H. L. Krauth and E. A. Belden for Dan Webster; all of Hamilton.

---

No. 271

BELL v. PARSONS

Ohio Appeals, 5th Dist., Holmes Co.

Decided Nov. 20, 1926

683. JURY—The court, in order to find that a juror was disqualified from sitting as a fair and impartial juror, must be presented with such facts as would warrant it in finding that, if not in fact, in substance, a fraud had been perpetrated upon the losing party or that he was so prejudiced in the premises as to prevent a fair and impartial trial.

**First Publication of this Opinion**

HOUCK, J.

Washington Bell, brought suit for damages against Clyde Parsons, in the Holmes Common Pleas alleging that defendant came to plaintiff's home when plaintiff was sick and assaulted him, fractured three of plaintiff's ribs and tore his clothes. Defendant denied the allegations. The jury returned a verdict for Parsons and judgment was entered thereon.

Error was prosecuted, it being claimed by Bell that the verdict is against the weight of the evidence and that one Rudy, who sat as a juror in the trial was prejudiced. **The Court** of Appeals held:

1. Rudy's answers in his examination showed he had heard nothing about the case and had not formed or expressed an opinion in the merits. Record evidence discloses that he had formerly sat on the grand jury and heard practically all the evidence in the case.

2. Where a party seeks a new trial on the ground of misconduct of a juror and the act constituting such misconduct was one from which prejudice could naturally be inferred, or was such that the party seeking the new trial was prejudiced thereby, in the absence of showing to the contrary, a new trial should be granted.

3. The facts in regard to the alleged misconduct of Rudy are not sustained, for in order that a juror may be found guilty of misconduct, or was disqualified from sitting as a fair and impartial juror, there must be facts which tend to show that a fraud had been perpetrated upon the losing party or that he was so prejudiced as to prevent a fair and impartial trial.

4. This not being disclosed by the record, and the jury being warranted in finding as it did, judgment is affirmed.

Judgment affirmed.

(Shields & Lemert, JJ., concur.)

Attorneys—W. F .Garver for Bell; W. W. Scott for Parsons; both of Millersburg.